No. 454

HOUSE v. COBLENTZ

Ohio Appeals, 6th Dist., Williams Co.

No. 153. Decided April 6, 1926

460. EQUITY—10777 GC. does not take from creditors of a deceased person, right to bring action to set aside fraudulent conveyance.

883. PARENT AND CHILD—1. Where father lends money to daughter and takes notes as security, such loans, unless contrary intent be shown, will be considered as loans and not advances.

2. In such event on decease of daughter father becomes a creditor of the estate.

RICHARDS, J.

William House, claiming to be a creditor of Blanche Hoverstock, deceased, brought this action in Williams Common Pleas to set aside a conveyance made by said decedent, alleging that said decedent made said conveyance in fraud of the rights of creditors.

It appears from the evidence that House had given to Hoverstock, his daughter, $1600 with which to buy some real estate and that the daughter had executed a note as evidence of said loan.

Some time previous to her death Hoverstock conveyed this real estate to her daughter, Demaris Coblentz for the consideration of $1.00, no other consideration was shown.

The contention was raised that this action should have been started by the executor or administrator. Common Pleas rendered decree in favor of Coblentz. On appeal the Court of Appeals held:

1. Gen. Code 10777 providing that such actions be brought by executor or administrator is not exclusive and action to set aside fraudulent conveyance may be maintained by a creditor.

2. From the evidence introduced it is evident that the sums lent the daughter were loans and not advances.

3. The father in this case was a creditor of the daughter.

Judgment of Common Pleas reversed.

Attorneys—H. H. DeMuth, W. H. Shinn for House; D. A. Webster and Chas. E. Scott, for Coblentz; all of Bryan.

---

No. 455

STATE v. KLEIN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7103. Decided April 19, 1926

661. INTOXICATING LIQUOR—Must be fit for beverage purposes to convict person charged with possession.

SULLIVAN, J.

Jack Klein was arrested charged with possession of intoxicating liquor, and found guilty in a magistrate court. The evidence showed that officer making arrest took from Klein's home a bottle of alleged beer. Chemist who examined same testified that he could not tell with certainty whether or not the liquid was fit for beverage purposes.

On the basis of this testimony Cuyahoga Common Pleas reversed the magistrate court. The state prosecuted error. Court of Appeals held:

1. The liquor which defendant is charged as possessing must be fit for beverage purposes.

2. The testimony in this case is not strong enough to convict on a criminal charge.

Common Pleas affirmed and the magistrate court reversed.

Attorneys—L. A. Tucker for State; J. A. Klein for Klein; all of Cleveland.